IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA THOMAS MILLER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-866-O |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Joshua Thomas Miller, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against the director of TDCJ-CID, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. BACKGROUND**

On November 9, 2017, in Parker County, Texas, Case No. CR17-0065, Petitioner pleaded guilty pursuant to a plea agreement to aggravated assault with a deadly weapon and true to two sentence-enhancement allegations in the indictment and was sentenced to 25 years' confinement. SHR[1] 7, ECF No. 15-7. Petitioner did not appeal his conviction or sentence but did file a postconviction state habeas-corpus application challenging his conviction and sentence on April 17, 2020, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court.[2]

---

[1] "SHR" refers to the court record of Petitioner's state habeas proceeding in WR-91,331-01.

[2] A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information and it was signed by Petitioner in April 2018. The exact date Petitioner signed the document is not legible on the Court's copy, however in his reply brief Petitioner asserts that he signed and placed the application in the prison mailing system on April 17, 2020; thus, his application is deemed filed on that date. Pet'r's Reply 4, ECF No. 16. The reply brief is not paginated, therefore the pagination in the ECF header is used.

*Id.* at 15, 30; Action Taken, ECF No. 15-1. This federal habeas-corpus petition was filed on July 12, 2021.[3] Pet. 10, ECF No. 1. Petitioner raises sixteen grounds for relief, alleging that he received ineffective assistance of trial counsel in multiple respects; the evidence was insufficient to sustain his conviction; his sentence is illegal and unconstitutionally disproportionate; his guilty plea was the result of coercion; and the penal statute under which he was charged is unconstitutionally vague. *Id.* at 6–7(c). Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Answer 6–11, ECF No. 14. He also asserts that many of Petitioner's claims are unexhausted and reserves the exhaustion defense, the procedural-default defense, and any other applicable procedural defenses should the petition be considered timely filed. *Id.* at 6.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Petitioner challenges his 2017 conviction and sentence, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the judgment of conviction became final upon expiration of the 30-day period Petitioner had for filing a notice of appeal on Monday, December 11, 2017, and expired one year later on December 11, 2018.[4,5] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir. 1998). Thus, Petitioner's

---

[4] The 30-day period expired on December 9, 2017, which was a Saturday.

[5] Petitioner argues that the one-year limitations period was triggered under subsection (D). The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not when it was actually discovered. 28 U.S.C. § 2244(d)(1)(D). While Petitioner asserts that he "discovered the initial deficiencies in [trial] counsel's advice on or about March 11 of 2020" and sought to recover his case file and that he "discovered more new evidence of counsel's deficiencies that could not have been discovered through any [other] means" upon receiving his case file, he does so only in the barest and most conclusory of terms. Pet'r's Reply 3–4, ECF No. 16. Notably absent from the reply is any sort of explanation of what the late-discovered facts underlying the claims actually are, never mind how they were necessary to assert the claims. Indeed, it is entirely unclear what additional information Petitioner might have discovered or needed in the case file. His claims relate to events occurring before and during the 2017 plea proceedings and he does not demonstrate that he did not know nor with due diligence could have discovered the "predicate facts" underlying his claims, whether contained in the case file or arising from events occurring at trial or from any other source, until some date after the date his conviction was final. Furthermore, Petitioner has not demonstrated that he acted with due diligence. He apparently sought counsel's case file on only two occasions, "the last request being on 12/12/20," during the roughly two years and four months between the date his conviction became final in December 2017 and the time he filed his state habeas application in April 2020. Pet'r's Reply 10, ECF No. 16. He does not otherwise explain his delay in pursuing state and federal habeas relief or why he needed his counsel's file or counsel's affidavit, filed during the state habeas proceedings, to advance or support his contentions, which he could and should have discovered with reasonable diligence at or near the time of trial, or show how the absence of his case file and counsel's affidavit prevented him from filing his § 2254 petition. He confuses his knowledge of the factual predicate of, or discovery of legal theories supporting, his claims with the time permitted for gathering evidence in support of his claims. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay for a petitioner to gather "every possible scrap of evidence that might" support his claims or to discover legal theories or the legal significance of the facts. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000); *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998). The record shows that Petitioner failed to act with the diligence needed to begin the limitations period on the alleged actual-discovery date.

3

federal petition was due on or before December 11, 2018, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on April 17, 2020, after the limitations period had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner presents no new evidence to satisfy the actual-innocence exception. Instead, relying on *Trevino v. Thaler,* 569 U.S. 413 (2013) (applying *Martinez v. Ryan,* 566 U.S. 1, 18 (2021), which recognized an exception to the procedural default of an ineffective-assistance-of-trial-counsel claim "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding . . . if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective"), Petitioner argues that equitable tolling is justified due to his lack of appointed counsel in his state habeas proceeding and trial counsel's lack of compliance with the state habeas court's order to provide his affidavit "coupled with the fundamental unfairness of the whole state process." Pet'r's Reply 5, ECF No. 16. However, that line of cases does not address or excuse the untimely filing of a federal habeas petition. Rather, those cases address exceptions to a state-imposed procedural default of ineffective-assistance-of-trial-counsel claims and do not apply to the federal statute of limitations or the tolling of that period. *See Shank v. Vannoy,* No. 16-30994,

4

2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States,* 860 F.3d 547, 555–57 (5th Cir. 2017)), *cert. denied,* 138 S. Ct. 1032 (2018); *Arthur v. Thomas,* 739 F.3d 611, 628–31 (11th Cir.), *cert. denied,* 135 S. Ct. 106 (2014); *Bland v. Superintendent Greene SCI,* No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017)); *Taylor v. Eppinger,* No. 16-4227, 2017 WL 5125666, at *2 (6th Cir. June 2, 2017); *Moody v. Davis,* No. 4:19-CV-298-Y, 2019 WL 4860958, at *3 (N.D. Tex. Oct. 2, 2019), *appeal docketed,* No. 19-11200 (5th Cir. Nov. 1, 2019); *Huckaby v. Davis,* No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D. Tex. Dec. 27, 2017); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646, at *4 (N.D. Tex. June 9, 2014).

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before December 11, 2018. His petition filed on July 12, 2021, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 8th day of November, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**